# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON FISHER, | CASE NO. 1:11-cv-00609-AWI-SMS PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AS UNNECESSARY |
| S. ADAIR, | (ECF No. 12) |
| Defendant. | |

Plaintiff Hilton Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on April 15, 2011. (ECF No. 1.) Plaintiff filed a motion for leave to amend on June 8, 2011. (ECF No. 12.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive pleading has not been served and Plaintiff has not previously amended his complaint. Therefore, Plaintiff may file an amended complaint without leave of the Court.

Plaintiff is advised that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other

1

federal rights, <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1948-49 (2009). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555 (2007) (citations omitted). Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

In addition, Plaintiff is advised that pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." <u>Ngo v. Woodford</u>, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2384 (2006)).

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to amend, filed June 8, 2011, is DENIED as unnecessary.

IT IS SO ORDERED.

**Dated:   June 10, 2011**                      /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE