# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON FISHER,<br><br>            Plaintiff,<br><br>    v.<br><br>S. ADAIR,<br><br>            Defendant.<br>_____/ | CASE NO. 1:11-cv-00609-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>(ECF No. 16)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Hilton Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 22, 2011, Plaintiff filed a first amended complaint alleging incidents that occurred while he was housed at the California Correctional Institution ("CCI"). Plaintiff is currently housed at Avenal State Prison ("ASP"). On August 25, 2011, Plaintiff filed a motion for a court order directing ASP to return his legal materials.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before

it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Valley Forge Christian Coll., 454 U.S. at 471; also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). The Prison Litigation Reform Act also places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."

The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to his claims arising out of his confinement at CCI. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04, 107. Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff injunctive relief. Steel Co., 523 U.S. at 102-103.

Accordingly, it is recommended that Plaintiff's motions for preliminary injunctive relief, filed August 25, 2011, be DENIED, with prejudice, for lack of jurisdiction.

It is ordered that this finding and recommendation be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **THIRTY (30) DAYS** after being served with the finding and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **August 26, 2011**          /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE