UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON FISHER, | CASE NO. 1:11-cv-00609-AWI-BAM PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| S. ADAIR, | (ECF No. 15) |
| Defendant. | THIRTY DAY DEADLINE |

**I.  Screening Requirement**

Plaintiff Hilton Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on April 15, 2011, and currently before the Court is the first amended complaint, filed July 22, 2011. (ECF No. 15.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at Avenal State Prison ("ASP"). Plaintiff brings this action naming fourteen defendants from ASP and the California Correctional Institution ("CCI") alleging violations of his rights under the Fourth, Eighth, and Fourteenth Amendments.

On January 29, 2010, Defendant Adair filed a rule violation report against Plaintiff. In the report, Defendant Adair stated that, during an interview upon Plaintiff's transfer to CCI, Plaintiff said the he wanted single cell status because he felt he might rape someone. When Defendant Adair asked Plaintiff if he was going to hurt his cellmate, Plaintiff stated no. In the report, Defendant Adair stated that he believed Plaintiff's statements were manipulative and motivated by the desire to have single cell status, rather than to prevent harm.

During a custody and classification hearing on February 3, 2010, allegedly to misrepresent the disciplinary hearing findings, Defendant Adair stated that during the interview Plaintiff told him he felt he might rape his cellmate. On March 9, 2010, Defendant Adair said that a threat was not made toward Plaintiff's cellmate, and there was no concern for the cellmate.

Plaintiff alleges that after the March 9, 2010, hearing prison officials filed false documents to have him removed from the Sensitive Needs Yard ("SNY"). The documents labeled him a program failure, but his rule violations were not within 180 days of each other, as required under CDCR regulations. Plaintiff was placed back into the general population at Pleasant Valley State Prison ("PVSP"). When Plaintiff was transferred to ASP on June 8, 2011, he told the receiving official that he could not stay there because there was an inmate from PVSP at ASP who knew Plaintiff had been on the SNY. The official looked over Plaintiff's case records, and stated that Plaintiff did not have any security concerns at ASP. Plaintiff alleges that he has safety concerns at ASP because he and the inmate that was transferred from PVSP are both assigned to six yard. Plaintiff is seeking $85 million in damages.

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**III.   Discussion**

**A.   Linkage Requirement**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S. Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. In other words, in his amended complaint, Plaintiff must state what each named defendant did that contributed to the violation of his constitutional rights.

### B.  Fourth Amendment

The Fourth Amendment protects against unreasonable searches and seizures, and the Ninth Circuit recognizes this right extends to prisoners. Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). In this action, Plaintiff is not alleging an unreasonable search or seizure, and his claims do not arise under the Fourth Amendment.

### C.  Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff fails to allege facts to show that he faced a serious risk of substantial harm, and his conclusory statements that his life is in danger and he is at risk due to another inmate's knowledge that he was previously assigned to a SNY, fails to state a plausible claim. Iqbal, 129 S. Ct. at 1949.

### D.  Fourteenth Amendment Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom

from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). However, a state may "create liberty interests which are protected by the Due Process Clause." Sandin, 515 U.S. at 483-84, 115 S. Ct. at 2300. A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Keenan v. Hall, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting Sandin, 515 U.S. at 484, 115 S. Ct. at 2300). Because Plaintiff has not identified a protected liberty interest of which he was deprived without the procedural protections he is due under federal law, the complaint fails to state a cognizable claim.

The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). Therefore, in order to state a claim the false report must have been used to deprive Plaintiff of a liberty interest without due process. While Plaintiff appears to allege that the false report deprived him of his SNY classification, Plaintiff does not have a right under any constitutional amendment to be housed at a particular prison, Olim v. Wakinekona, 461 U.S. 238, 244-50 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976), or to receive a particular security classification, Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987); see Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 279 n.9 (1976) (prisoners have no liberty interest in a particular security classification).

### E. Title 15 Regulations

Section 1983 provides a cause of action where a state actor's "conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer v. Murphy, 844 F.2d 628, 632 (9th Cir. 1987) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986)). There is no independent cause of action for a violation of Title 15 regulations. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). Plaintiff cannot state a constitutional claim based upon a violation of the

regulations that apply to SNY inmates.

**F.   Rule 18**

Further, Plaintiff may not pursue multiple, unrelated claims in this action.  Pursuant to the Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "[U]nrelated claims against different defendants belong in separate suits, not only to prevent the sort of morass produced by multi-claim, multi-defendants suits . . ., but also to ensure that prisoners pay all fees required under the Prison Litigation Reform Act.  Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (internal punctuation and citations omitted).  Plaintiff will not be permitted to proceed with a "mishmash of a complaint," George, 507 F.3d at 607, and is cautioned that if his amended complaint fails to comply with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated claims.

**IV.   Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

6

114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's first amended complaint, filed July 22, 2011, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 14, 2012**                   /s/ **Barbara A. McAuliffe**
                                             UNITED STATES MAGISTRATE JUDGE