**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON FISHER,<br><br>                Plaintiff,<br><br>    v.<br><br>S. ADAIR,<br><br>                Defendant.<br>_____ / | CASE NO. 1:11-cv-00609-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM  (ECF No. 34)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff Hilton Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on April 15, 2011. On March 14, 2012, Plaintiff's first amended complaint was dismissed with leave to file an amended complaint within thirty days. (ECF No. 29.) Currently pending is the second amended complaint, filed April 27, 2012. (ECF No. 34.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a has defendant acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955).

**II.     Second Amended Complaint Allegations**

Plaintiff brings this action against Defendant S. Adair alleging violations of the Eighth Amendment, and of the Equal Protection and Due Process Clauses of the Fourteenth Amendment. (Second Am. Compl. 2, 37,[1] ECF No. 34.) On January 29, 2010, Defendant Adair conducted a mental health intake interview with Plaintiff. Defendant Adair documented that Plaintiff had been placed in a mental health crisis bed from December 14 through December 30, 2009. Defendant Adair documented that during the interview, Plaintiff stated that his cellmate was safe because he had no thoughts or feelings about harming his cellmate. (Id. at 4.) Plaintiff alleges that Defendant Adair falsified a report stating that Plaintiff made a statement during the interview that he wanted

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

single cell status because Plaintiff felt he might rape his cellmate. (Id. at 4-5, 7.)

During an Inmate Classification Committee ("ICC") hearing on February 3, 2010, Defendant Adair disclosed Plaintiff's confidential mental health treatment plan to custody staff. (Id. at 4.) Plaintiff alleges that on February 9, 2010, Defendant Adair falsified a rule violation report by reporting that during the intake interview Plaintiff stated,"I want single cell status, I feel I may rape someone." (Id. at 5, 7.) Defendant Adair also wrote that "I asked him if his [sic] was safe or in any danger, inmate Fisher replied, "Oh no I'm not going to hurt my cellie, he's safe." (Id. at 5.) After speaking with Plaintiff during the hearing, the ICC directed Defendant Adair to write the rule violation report. (Id. at 6.)

On March 9, 2010, Defendant Adair appeared by phone at the rule violation hearing. Defendant Adair was asked why he waited until February 3, 2010, to take action regarding the threatening statement made by Plaintiff on January 29, 2010. Defendant Adair responded that there was no threat made against Plaintiff's cellmate, and there was no concern regarding the safety of Plaintiff's cellmate. (Id. at 5.) When the subject of Plaintiff's cell status was brought up at the February 3, 2010 ICC meeting, Defendant Adair relayed the comment made by Plaintiff and his opinion regarding the manipulative nature of the comments. (Id. at 5-6.) Plaintiff was found guilty of violating Director Rule 305(d)(1), threatening an inmate. (Id. at 6.)

Plaintiff alleges that based upon these falsified reports he was placed in administrative segregation from January 29, 2010, until January 19, 2011. Plaintiff states that he is a convicted sex offender and due to the falsified reports his life was in danger.[2] (Id. at 8.)

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff has previously been provided with the legal standards that apply to his Eighth Amendment and due process claims and has failed to correct the deficiencies. The Court recommends that these claims be dismissed, with prejudice, for failure to state a claim, and that Plaintiff be given the opportunity to file an amended complaint to cure the deficiencies in his equal protection claim.

---

[2]Plaintiff refers to exhibits in his complaint showing that he was removed from the general population due to prison officials receiving information that there was a threat to Plaintiff's safety because it had become known that Plaintiff had been a Sensitive Needs Yard inmate. (ECF No. 34 at 34, 35.)

### III. Discussion

#### A. Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff fails to allege any facts to support a claim that Defendant Adair was aware of a substantial risk of harm to Plaintiff. While Plaintiff alleges that Defendant Adair falsified two reports, the complaint does not state any facts to show that these reports or Defendant Adair's testimony during the ICC or rule violation hearings placed Plaintiff at a risk of harm. On July 29, 2011, prison officials removed Plaintiff from the general population and placed him in administrative segregation because they became aware of a threat to Plaintiff's safety. (ECF No. 34 at 35.) To the extent that Plaintiff alleges he was at a risk of harm, when prison officials discovered that Plaintiff's prior Sensitive Needs Yard placement became known to the inmate population on the facility in which he was housed, they responded by removing him from the threat and placing him in administrative segregation. Plaintiff fails to state a cognizable claim that Defendant Adair acted with deliberate indifference to a risk of harm to Plaintiff.

#### B. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which

4

the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995). Plaintiff has failed to identify a liberty interest for which he was denied due process of law.

### 1. Administrative Segregation

The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." Toussaint v. McCarthy, 801 F.2d 1080, 1091 (9th Cir. 1985), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. Toussaint, 801 F.2d at 1091 (quoting Hewitt v. Helms, 459 U.S.460, 468 (1983)). The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative segregation or solitary confinement. See May v. Baldwin, 109 F.3d 557, 565 (9th Cir.1997). Plaintiff does not have a liberty interest in remaining free from administrative segregation.

### 2. False Reports

Plaintiff's allegations regarding the submission of false reports against him fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

### C. Equal Protection

In his second amended complaint, Plaintiff alleges that Defendant Adair's actions violated the Equal Protection Clause. The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Plaintiff fails to allege any facts to show that Defendant Adair intentionally discriminated against Plaintiff based on his membership in

a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff fails to state a claim for a violation of equal protection. Since Plaintiff has not previously been provided with the legal standard, the Court recommends that Plaintiff be granted an opportunity to file an amended complaint to cure the deficiencies in his equal protection claim.

## IV.   Conclusion and Recommendation

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim for a violation of the Eighth Amendment or due process. The Court finds that the deficiencies in Plaintiff's Eighth Amendment and due process claims outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted for these claims. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's Eighth Amendment and due process claims be dismissed, with prejudice, for failure to state a claim; and

2. Plaintiff's second amended complaint be dismissed, with leave to amend, as to the equal protection claim.[3]

These findings and recommendations will be submitted to the United States District Judge

---

[3]Plaintiff is advised that the findings and recommendations is not granting leave to file an amended complaint. Plaintiff may not file an amended complaint until an order issues granting him leave to amend.

6

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     May 9, 2012                                      /s/ Barbara A. McAuliffe
                                                            UNITED STATES MAGISTRATE JUDGE