1

2

3

4

5

6

7
**UNITED STATES DISTRICT COURT**

8
EASTERN DISTRICT OF CALIFORNIA

9
HILTON FISHER,                                              CASE NO. 1:11-cv-00609-AWI-BAM PC

10
                              Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                                  RECOMMENDING DENYING PLAINTIFF'S

11
         v.                                       MOTIONS FOR LEGAL MATERIALS AND
                                                  DENYING PLAINTIFF'S MOTION FOR LAW

12
                                                  LIBRARY ACCESS

13
S. ADAIR,                                         (ECF Nos. 43, 44 and 45)

14
                              Defendant.          OBJECTIONS DUE WITHIN FOURTEEN
                                        /         DAYS

15

16         Plaintiff Hilton Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

17    in this civil rights action pursuant to 42 U.S.C. § 1983. On November 19, 2012, the Court ordered

18    Plaintiff to file a third amended complaint. (ECF No. 38.) On December 5, 2012, the Court granted

19    Plaintiff an extension of thirty (30) days from the date of service of the order to file an amended

20    complaint. (ECF No. 40.) Plaintiff's third amended complaint is due on or before January 9, 2013.

21         On December 19, 2012, Plaintiff filed a motion for a court order allowing him access to legal

22    materials and a motion for access to the law library so he could do legal research to file his second

23    amended complaint. (ECF Nos. 43 and 44.) On December 28, 2012, Plaintiff filed an additional

24    motion for access to legal materials. (ECF No. 45).

25         Each of Plaintiff's requests is a form of a preliminary injunction. "A preliminary injunction

26    is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense

27    Council, Inc., 557 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction

28    must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

1

1    in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

2    injunction is in the public interest." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571

3    F.3d 873, 877 (9th Cir. 2009) (quoting <u>Winter</u>, 555 U.S. at 20).  An injunction may only be awarded

4    upon a *clear showing* that the plaintiff is entitled to relief.  <u>Winter</u>, 557 U.S. at 22 (citation omitted)

5    (emphasis added).

6         Federal courts are courts of limited jurisdiction and in considering a request for preliminary

7    injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before

8    it an actual case or controversy.  <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983); <u>Valley

9    Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471

10   (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear

11   the matter in question.  <u>Valley Forge Christian Coll.</u>, 454 U.S. at 471; <u>also</u> <u>Steel Co. v. Citizens for

12   a Better Env't</u>, 523 U.S. 83, 94 (1998).  Requests for prospective relief are further limited by 18

13   U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act which requires that the relief "shall

14   extend no further than necessary to correct the violation of the Federal right of a particular plaintiff

15   or plaintiffs."

16        At this stage in the litigation, Plaintiff's second amended complaint has been dismissed for

17   failure to state a claim and he has been granted leave to amend only his equal protection claim.  Until

18   Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable

19   and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary

20   injunctions.  18 U.S.C. § 3626(a)(1)(A); <u>Summers v. Earth Island Inst.</u>, 555 U.S. 488, 493, 129 S.Ct.

21   1149 (2009). As Plaintiff has been informed by the Court on previous occasions, absent a cognizable

22   claim based upon lack of access to the law library or legal materials, the Court cannot grant the relief

23   requested.  Plaintiff is advised that if he continues to request law library access or legal materials in

24   this action, then the Court will impose sanctions, which may include dismissal of this action.

25   However, if Plaintiff needs additional time to file his amended complaint due to limited access to

26   the law library and legal materials, then he may file a motion for an extension of time.

27        Accordingly, it is HEREBY RECOMMENDED as follows:

28        1.    Plaintiff's motion for indigent legal materials filed on December 19, 2012, be

1    DENIED;

2    2.    Plaintiff's motion for access to the prisoner law library filed on December 19, 2012,

3         be DENIED; and

4    3.    Plaintiff's motion to receive legal materials filed on December 28, 2012, be

5         DENIED.

6         These findings and recommendations will be submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**

8    **days** after being served with these findings and recommendations, Plaintiff may file written

9    objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

10   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

11   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

12   1153 (9th Cir. 1991).

13        IT IS SO ORDERED.

14   **Dated:**    **January 7, 2013**                    **/s/ Barbara A. McAuliffe**
                                                    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28