# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON FISHER,<br><br>        Plaintiff,<br><br>    v.<br><br>S. ADAIR,<br><br>        Defendant.<br>_____/ | CASE NO. 1:11-cv-00609-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTIONS FOR LEGAL MATERIALS AND DENYING PLAINTIFF'S MOTION FOR LAW LIBRARY ACCESS<br><br>(ECF Nos. 43, 44 and 45)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

    Plaintiff Hilton Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 19, 2012, the Court ordered Plaintiff to file a third amended complaint. (ECF No. 38.) On December 5, 2012, the Court granted Plaintiff an extension of thirty (30) days from the date of service of the order to file an amended complaint. (ECF No. 40.) Plaintiff's third amended complaint is due on or before January 9, 2013.

    On December 19, 2012, Plaintiff filed a motion for a court order allowing him access to legal materials and a motion for access to the law library so he could do legal research to file his second amended complaint. (ECF Nos. 43 and 44.) On December 28, 2012, Plaintiff filed an additional motion for access to legal materials. (ECF No. 45).

    Each of Plaintiff's requests is a form of a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 557 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

1

in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 557 U.S. at 22 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Valley Forge Christian Coll., 454 U.S. at 471; also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act which requires that the relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs."

At this stage in the litigation, Plaintiff's second amended complaint has been dismissed for failure to state a claim and he has been granted leave to amend only his equal protection claim. Until Plaintiff files an amended complaint and the Court is able to determine which claims are cognizable and appropriately raised in this action, the Court lacks jurisdiction to issue any preliminary injunctions. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Inst., 555 U.S. 488, 493, 129 S.Ct. 1149 (2009). As Plaintiff has been informed by the Court on previous occasions, absent a cognizable claim based upon lack of access to the law library or legal materials, the Court cannot grant the relief requested. Plaintiff is advised that if he continues to request law library access or legal materials in this action, then the Court will impose sanctions, which may include dismissal of this action. However, if Plaintiff needs additional time to file his amended complaint due to limited access to the law library and legal materials, then he may file a motion for an extension of time.

Accordingly, it is HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for indigent legal materials filed on December 19, 2012, be

DENIED;

2. Plaintiff's motion for access to the prisoner law library filed on December 19, 2012, be DENIED; and

3. Plaintiff's motion to receive legal materials filed on December 28, 2012, be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 7, 2013**           /s/ **Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE