# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON FISHER,<br><br>               Plaintiff,<br>    v.<br>S. ADAIR,<br><br>              Defendant.<br>_____/ | CASE NO. 1:11-cv-00609-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECEIVE FULL CASE CITING FROM THE COURT<br>(ECF No. 42) |

      Plaintiff Hilton Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 19, 2012, the Court ordered Plaintiff to file a third amended complaint. (ECF No. 38.) Plaintiff's third amended complaint is due on or before January 9, 2013.

      On December 19, 2012, Plaintiff filed the instant motion requesting that the Court provide him full citing of the following cases: Rhodes v. Chapman, 452 U.S. 337 (1981); Toguchi v. Chung, 391 F.3d 1051 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732 (9th Cir. 2002); Farmer v. Brennan, 511 U.S. 825 (1994); and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Plaintiff explains that he has not been issued legal materials and has not received access to the law library. The Court construes Plaintiff's motion as a request that the Court provide Plaintiff with legal assistance by sending him complete copies of the cited cases.

      Although inmates have a fundamental constitutional right of access to the courts, inmates do not have the right to a law library or legal assistance. Lewis v. Casey, 518 U.S. 343, 346, 351 (1996). Accordingly, Plaintiff's motion to receive full case citing from the Court is DENIED.

1  However, if Plaintiff needs additional time to file his amended complaint due to limited access to
2  the law library and legal materials, then he may file a motion for an extension of time.
3      IT IS SO ORDERED.
4  **Dated:** **January 7, 2013**                    /s/ **Barbara A. McAuliffe**
                                                                                      UNITED STATES MAGISTRATE JUDGE