# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON FISHER, | CASE NO. 1:11-cv-00609-AWI-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION (ECF Nos. 49) |
| v. | |
| S. ADAIR, | OBJECTIONS DUE WITHIN THIRTY DAYS |
| Defendant. | |

## I. Screening Requirement

Plaintiff Hilton Fisher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on April 15, 2011. On March 14, 2012, Plaintiff's first amended complaint was dismissed with leave to file an amended complaint within thirty days. (ECF No. 29.) On April 27, 2012, Plaintiff filed a second amended complaint. (ECF No. 34.) On November 19, 2012, the Court dismissed Plaintiff's Eighth Amendment and due process claims with prejudice and granted Plaintiff leave to file a third amended complaint limited to Plaintiff's equal protection claim. (ECF No. 38.) Currently pending is Plaintiff's third amended complaint filed on January 9, 2013.[1] (ECF No. 49.)

---

[1] On January 18, 2013, Plaintiff filed a motion for the court to consider the exhibits attached to his complaint and his lack of access to the prison law library. (ECF No. 50.) Plaintiff's request is GRANTED. To the extent Plaintiff's exhibits have been incorporated by reference in the third amended complaint, they have been considered. To the extent Plaintiff asks the Court to consider his lack of law library access, Plaintiff has been provided with the relevant legal standards regarding his claims and has been notified of his obligation to present factual allegations sufficient to state a plausible claim for relief. (ECF Nos. 28, 35.)

1

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

**II.    Third Amended Complaint Allegations**

Plaintiff brings this action against Defendant S. Adair for alleged violations of the Eighth Amendment and of the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 49.) On January 29, 2010, Defendant Adair conducted a mental health intake interview with Plaintiff. Defendant Adair documented that Plaintiff had been placed in a mental health crisis bed because he

had been having thoughts urging him to rape someone. Defendant Adair documented Plaintiff's statements that he did not want to be a part of the protective custody program, that he wanted to give up his sensitive needs yard ("SNY") status and that his cellmate was safe because he had no thoughts or feelings about hurting his cellmate. (Id. at 2.) Plaintiff alleges that Defendant Adair allowed Plaintiff to return to his cell for six days with an inmate that wanted to take part in the SNY program. (Id. at 3.) Plaintiff also alleges that Defendant Adair failed to report to the Correctional Sergeant about potential safety concerns due to Plaintiff's hallucinations and thoughts urging him to rape someone. (Id. at 4.)

During an Inmate Classification Committee ("ICC") hearing on February 3, 2010, Defendant Adair reported that during the intake interview, Plaintiff stated that he wanted single cell status and felt he may rape his cellie. (Id. at 4.) Plaintiff alleges that on February 9, 2010, Defendant Adair filed a rules violation report against Plaintiff for threatening an inmate.

On February 10, 2010, Plaintiff was interviewed by Correctional Officer D. Jacobs and stated that he never told Defendant Adair he wanted to rape someone and he never threatened his cellie with sexual acts. He also stated that he did not feel safe on the "Ad-Seg." (Id. at 7-8.)

On March 9, 2010, Defendant Adair was called as witness regarding the rules violation report. Defendant Adair was asked why he waited until February 3, 2010, to take action regarding the threatening statement made by Plaintiff on January 29, 2010. Defendant Adair responded that there was no threat made against Plaintiff's cellmate, and there was no concern regarding the safety of Plaintiff's cellmate. (Id. at 8-9.) Defendant Adair also responded that when the subject of Plaintiff's request for single cell status was brought up, he relayed the comments made by Plaintiff and his opinion regarding the manipulative nature of those comments. (Id. at 9.)

Plaintiff alleges that Defendant Adair violated his Equal Protection rights by denying him mental health treatment on February 3, 2010. Plaintiff also alleges that he was placed in administrative segregation from January 29, 2010, until January 19, 2011, and when he returned to the general population there was an attempt made on his life. (Id. at 10-11.)

For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief.

Plaintiff has previously been provided with the legal standards that apply to his Eighth Amendment and Equal Protection claims and has failed to correct the deficiencies. The Court recommends that this action be dismissed with prejudice for failure to state a claim.

### III. Discussion

#### A. Eighth Amendment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Plaintiff fails to allege any facts to support a claim that Defendant Adair was aware of a substantial risk of harm to Plaintiff. The complaint also does not state any facts demonstrating that Defendant Adair's testimony during the ICC or rules violation hearings placed Plaintiff at risk of harm. At best, Plaintiff alleges that Defendant Adair may have been aware of a potential risk of harm to Plaintiff's cellmate.

#### B. Equal Protection

In his third amended complaint, Plaintiff alleges that Defendant Adair's actions violated the Equal Protection Clause. The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Plaintiff fails to allege any facts to show that Defendant Adair intentionally discriminated against Plaintiff based on his membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that

similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Plaintiff fails to state a claim for a violation of equal protection based on his mental health treatment.

**IV.     Conclusion and Recommendation**

The Court finds that Plaintiff's complaint fails to state any claims upon which relief can be granted under § 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, the Court should "freely give leave [to amend] when justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect."  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  Plaintiff has been granted multiple opportunities to amend his complaint with guidance by the Court.  However, Plaintiff has now filed three complaints without alleging facts against any defendant sufficient to state a claim for a violation of the Eighth Amendment or the Equal Protection clause.  The Court therefore finds that the deficiencies in Plaintiff's Eighth Amendment and equal protection claims outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted for these claims.  28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's third amended complaint be dismissed with prejudice for failure to state a claim.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 20, 2013                      /s/  **Barbara A. McAuliffe**
                                                       UNITED STATES MAGISTRATE JUDGE